IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUADIR SANDERS,** | **CIVIL NO. 1:CV-08-1005** |
| **Petitioner** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** | |
| **Respondent** | |

## **M E M O R A N D U M**

Petitioner Quadir Sanders, an inmate currently incarcerated at the State Correctional Institution in Frackville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, requesting the court to "order petitioner's parole reinstated," to direct "the Attorney General of Pennsylvania to answer the grounds raised in accordance with Rule 5 of the rules governing section 2254 cases," and to "[s]et an evidentiary hearing." For the reasons that follow, the court will dismiss the petition.

**I.   Background**

On October 28, 2002, Petitioner was sentenced to five to ten years incarceration for robbery, aggravated assault, simple assault, reckless endangerment, possession with intent to deliver, criminal conspiracy, and carrying a firearm without

a license.  (Doc. 20 at 3.)  The Pennsylvania Department of Corrections calculated Petitioner's sentence to have a minimum expiration date of October 5, 2006 and a maximum expiration date of October 5, 2011.  (*Id.*)

On August 30, 2006, the Pennsylvania Board of Probation and Parole (the "Board") granted Petitioner parole, and he was released from confinement on December 12, 2006.  (*Id.*)  On March 28, 2007, Petitioner was arrested for carrying a firearm without a license.  (*Id.*)  On May 21, 2007, following a parole violation and detention hearing on April 10, 2007, the Board issued an adjudication recommitting Petitioner to serve six months backtime as a technical parole violator for violating his curfew on March 28, 2007.  (*Id.* at 4.)

On August 22, 2007, the criminal charges filed after the March 28 arrest were withdrawn.  (*Id.*)  The Board, then, charged Petitioner with additional technical parole violations based on Petitioner's conduct resulting in the arrest.  (*Id.*)  After several continuances, a parole revocation hearing was held on January 15, 2008, to afford Petitioner an opportunity to respond to the technical parole violation charges of possessing a firearm while on parole and possessing ammunition while on parole.  (*Id.*)  On January 28, 2008, the Board issued an adjudication recommitting Petitioner to serve nine months backtime as a technical parole violator to be served concurrently with the previously imposed six-month sentence.  (*Id.* at 5.)  On May 2, 2008, and

June 25, 2008, Petitioner mailed two letters to the Board requesting "administrative relief," which the Board processed as appeals pursuant to 37 Pa. Code § 73.1(a). (*Id.*) The Board dismissed his appeal on August 14, 2008. (*Id.*) Petitioner filed a petition for review with the Commonwealth Court, several months after filing the instant petition, which the Commonwealth Court dismissed on October 1, 2008 because Petitioner "failed to comply with the Chief Clerk's defect correction letter of August 27, 2008." (Doc. 20-2 ex. I.)

In April 2008, the Board interviewed Petitioner, but denied him Parole based, among other things, on (1) his "minimization/denial of the nature and circumstances of the offense(s) committed and parole violation," (2) his "prior history of supervision failure(s)," and (3) his "interview with the hearing examiner and/or Board member." (Doc. 18 ex. 1) (original in upper case). Petitioner has not filed any pleading in Pennsylvania state court pertaining to this parole refusal. (*See* Doc. 20 at 6; Doc. 18 ¶ 22.)

Petitioner filed the instant petition for writ of habeas corpus accompanied by a "Memorandum of Law" on May 22, 2008, arguing that the Board's January 28, 2008 and April 15, 2008 decisions were "arbitrary, an abuse of discretion, lacking evidentiary support, based on unchanged circumstances and rendered in

3

violation of due process." (Doc. 1.) Respondents filed an answer to the petition accompanied by a "Memorandum of Law" on August 8, 2008. (Doc. 13.) Petitioner filed a "Reply to Respondent's Answer" on September 19, 2008. (Doc. 18.) On November 6, 2008, Respondents filed a Brief in Response to the court's October 23, 2008 order requesting additional briefing. (Doc. 20.) The court will now consider the petition.

## II.    Discussion

Petitioner seeks a writ of habeas corpus, arguing that the Board's decisions on January 28, 2008 and April 15, 2008 were "arbitrary, an abuse of discretion, lacking evidentiary support, based on unchanged circumstances and rendered in violation of due process." Respondents argue that the court should deny the petition with regard to (1) the January 28 decision because Petitioner has failed to exhaust the remedies available in the Pennsylvania state court system and (2) the April 15 decision because Petitioner has "no constitutionally protected right to parole" and thus has failed to state a claim upon which relief can be granted. The court will review each argument in turn.

### A. January 28 Decision

#### 1. Exhaustion Requirement

The court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court, however, may not grant a petition unless it appears that "the applicant has exhausted the remedies available in the courts of the State." *See* 28 U.S.C. 2254(b)(1)(A); *Coleman v. Thomspon*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). The exhaustion requirement demands that a petitioner "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts" by invoking "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's

overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

Under 28 U.S.C. § 2254, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Burkett v. Love*, 89 F.3d 135, 137–38 (3d Cir. 1996) (noting that remedies must have been exhausted "[a]t the time" the petition was filed with the district court). As a first step, a petitioner seeking to challenge a revocation decision of the Board has a right to file an administrative appeal with the Board's central office. *See* 37 Pa. Code § 73.1(b)(1). If the petitioner suffers an adverse outcome on administrative appeal, he or she may then file an appeal to the Pennsylvania Commonwealth Court. *See* 42 Pa. Cons. Stat. § 763 (granting Commonwealth Court jurisdiction over appeals from final orders of government agencies); *Brosello v. Colleran*, 833 A.2d 1213, 1215 (Pa. Commw. Ct. 2003) ("Appeals of the Board's parole revocation and recommitment orders are within the

exclusive appellate jurisdiction of the Commonwealth Court."). Ultimately, to satisfy the exhaustion requirement, the petitioner must present the claim to the state's highest court. *Burkett*, 89 F.3d at 138.

Respondents argue, and Petitioner does not dispute, that Petitioner failed to exhaust available state remedies prior to filing the instant petition. First, although Petitioner filed a petition for review in the Commonwealth Court challenging the January 28, 2008 Board ruling, he did so only after he filed the instant petition. More importantly, the Commonwealth Court dismissed this petition for "failure to comply with the Chief Clerk's defect correction letter" dated August 27, 2008, (Doc. 20), and the Petitioner has neither filed another petition nor appealed the decision to the Pennsylvania Supreme Court. Therefore, the court finds that Petitioner has defaulted his claims by failing to exhaust available state remedies.

### 2.   **Exceptions to Exhaustion**

Petitioner argues, nonetheless, that the court should evaluate the merits of his petition because the Board failed to provide counsel of record with notice of its January 28 decision revoking parole. As a general rule,

> [i]n all cases in which a state prisoner has defaulted his federal
> claims in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred
> unless the prisoner can demonstrate cause for the default and

7

> actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Petitioner has misconstrued this standard. Petitioner argues that the court should excuse his failure to exhaust available state remedies because his counsel of record did not receive notice of the Board's January 28 decision. Petitioner argues that the alleged failure to notify his counsel caused him to file untimely his administrative appeal to the Board's central office. In substance, Petitioner argues that the Board's alleged failure that caused his untimely filing of one appeal should excuse his failure to file any subsequent appeals.

The logical fallacy should be apparent. Assuming Petitioner's counsel of record did not in fact receive notice of the January 28 decision and this caused Petitioner to file untimely his administrative appeal, this does not excuse Petitioner from failing to exhaust available state remedies. The Board received two letters from Petitioner, marked May 7, 2008 and June 27, 2008, which they deemed administrative appeals. (Doc. 20-2 ex. D.) The Board dismissed the appeals as untimely and notified Petitioner of this decision by letter dated August 14, 2008. (*Id.*) At this point, the appropriate course of action for Petitioner would have been to file a petition

8

for review with the Commonwealth Court, arguing that the administrative appeal was improperly dismissed as untimely because his counsel of record did not receive notification of the January 28 decision.  *See Brosello v. Colleran*, 833 A.2d at 1215.  If Petitioner suffered an adverse ruling at this point, he could have appealed to the Pennsylvania Supreme Court.  This would have provided the state courts an opportunity to correct a constitutional violation by the Board.  So while Petitioner may have a basis for appealing the August 14 dismissal of his administrative appeal to the Commonwealth Court and, ultimately, the Pennsylvania Supreme Court, he has not exhausted these available state remedies.  Nor has he presented any argument regarding why he should be excused from exhausting these available remedies.  He has merely provided an excuse for why the Commonwealth Court should review the August 14 decision to dismiss his administrative appeal as untimely.

      In other words, Petitioner has not only failed to "demonstrate cause" for his procedural default, but has not provided *any* reason or excuse why he has not filed appeals with the Commonwealth Court or Pennsylvania Supreme Court.  Thus, the court will not excuse Petitioner's failure to exhaust and will refrain from reaching the merits of the petition as regards the January 28 decision.  The court will dismiss

Petitioner's claim regarding the January 28 parole revocation without prejudice for failure to exhaust available state remedies.

### B.     April 15 Decision

Petitioner suggests several reasons why the Board's April 15 decision denying Petitioner parole violates his due process rights under the United States Constitution. Petitioner argues that the Board's April 15 decision was "arbitrary, an abuse of discretion, lacking evidentiary support, [and] based on unchanged circumstances." Petitioner also argues that the reasons provided by the Board for denying parole fail to "put petitioner on notice so petitioner can adjust his conduct." Respondents argue that the court should dismiss Petitioner's claim with regard to the Board's decision to deny parole on April 15 because Petitioner has no constitutionally protected right to parole. The court agrees that Petitioner has not alleged a due process violation because he has failed to establish a protected property or liberty interest.

The Due Process Clause protects individuals when state action deprives a person of property or liberty. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Accordingly, to establish that a state has violated an individual's right to procedural due process, a petitioner must first demonstrate the

existence of a property or liberty interest sufficient to justify notice and an opportunity to be heard. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. Nor does Pennsylvania law create a federally protected right to parole. *Rogers v. Pa. Bd. of Prob. and Parole*, 724 A.2d 319, 322–23 (Pa. 1999).

Petitioner has failed to identify a protected property or liberty interest. He has set forth a "conditional liberty" that he "desires"—the hope that after being recommitted following technical parole violations that the Board might release him prior to the expiration of his sentence. Likewise, Petitioner's complaint that he did not receive sufficient "notice" to "adjust his conduct" does not suggest a property or liberty interest. Accordingly, the court finds that Petitioner has no property or liberty interest in parole, and thus, fails to present a due process violation.

**III.    Conclusion**

Based on the foregoing discussion, the petition for writ of habeas corpus (Doc. 1) will be dismissed without prejudice.  An appropriate order will issue.


                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated:  December 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUADIR SANDERS,** | **CIVIL NO. 1:CV-08-1005** |
| Petitioner | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** | |
| Respondent | |

# O R D E R

AND NOW, this 12th day of December, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2) The Clerk of Court is directed to **CLOSE** this case.

3) There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge